## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

INTERNATIONAL SHIP REPAIR AND
MARINE SERVICES, INC.,

     Plaintiff,

v.                                  Case No. 4:19-cv-1049

                                       Fed. R. Civ. P. 9 (h) - ADMIRALTY

GREAT LAKES DREDGE AND DOCK
COMPANY, LLC,

     Defendant.

### COMPLAINT

Plaintiff International Ship Repair & Marine Services, Inc. (**"ISR"**), brings this

action against Defendant Great Lakes Dredge and Dock Company, LLC (**"Great Lakes"**), and in

support thereof states as follows:

### I.

### JURISDICTION AND VENUE

1.     This is an action for damages resulting from breach of a contract and breach of

implied duties arising from the repair of a vessel and, thus, is an admiralty claim within the meaning

of Rule 9(h) of the Federal Rules of Civil Procedure.

2.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1333.

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because,

upon information and belief, Great Lakes has an office in and transacts business in this judicial

district. Further, Great Lakes consented to venue in this judicial district by means of a forum selection clause in a written agreement with ISR.

4.      This Court has personal jurisdiction over Great Lakes because, upon information and belief, Great Lakes conducts its business in this State and in this judicial district. Further, Great Lakes consented to the jurisdiction of this judicial district by means of a forum selection clause in a written agreement with ISR.

## II.

## PARTIES

5.      ISR is a Delaware corporation with its principle place of business in Tampa, Florida. Great Lakes is a Delaware corporation, with its principle office in Chicago Illinois and an office in Kingwood, Texas. On information and belief, Great Lakes does business in the Southern District of Texas.

6.      Great Lakes may be served with service of process through its registered agent of process, CT Corporation System, 250 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

## III.

## GENERAL ALLEGATIONS

7.      On or about October 8, 2015, ISR and Great Lakes entered into a Master Services Agreement (the **"MSA"),** the terms of which govern any repairs or services to be provided by ISR to vessels owned by Great Lakes. A copy of the MSA is attached hereto as **Exhibit A.**

8.      Great Lakes is the owner of the vessel, Dredge Texas (the **"Vessel").**

9.      In or around November 2015, Great Lakes solicited bids for the performance of certain repairs and other services to the Vessel (the **"Work").**

10.     ISR submitted a bid to perform the Work under the terms of the MSA.

11.     Great Lakes selected ISR to perform the Work for an agreed upon sum of $4,178,503.00.

12.     The parties also agreed that the Work was to be completed on or about April 18, 2016, or on such date as the parties agreed after work commenced. Ultimately, the parties agreed that the Work was to be completed on or about July 14, 2016 (the **"Completion Deadline").**

13.     On or about February 3, 2016, Great Lakes delivered the Vessel to ISR and ISR began performing the Work.

14.     During ISR's performance of the Work, Great Lakes formally requested and approved $2,600,647.00 in additional work through the submission of numerous written change orders (the **"Change Order Work").**

15.     Throughout the project, Great Lakes impeded ISR's performance of the Work by various means and/or acted in ways to increase the cost of ISR's performance of the work. On numerous occasions, for example, Great Lakes would not accept or approve change orders submitted by ISR in a timely fashion, or at all. As these change orders often concerned critical path work items (i.e., other work items could not be accomplished), Great Lake's refusal to respond to change orders delayed the project and significantly increased ISR's costs. Great Lakes also delayed or refused to approve and/or accept completed work items, which again caused delays and increased costs for ISR. On such occasions, ISR could not begin the next work item until such acceptance (or rejection) had been given. On other occasions, Great Lakes delayed provision of materials and machinery that it was obligated to provide to ISR, thus, causing further delays and increased costs. Great Lakes also bypassed ISR and gave work instructions to subcontractors that ISR had hired to perform certain parts of the work, which invariably increased the costs to ISR.

16.      As of mid-August, 2016, ISR remained engaged in performing the Work and Change Order Work. Prior to August 26, 2016, Great Lakes instructed ISR to cease work and to ready the Vessel for removal from ISR's facility in 3 days.

17.      On August 26, 2016, Great Lakes had the Vessel towed from ISR's facility, over ISR's objections that the work wasn't complete and that the removal breached the MSA.

18.      The MSA provides that: "This Agreement will remain in effect until canceled by either Party hereto by giving the other Party thirty (30) days written notice. If work then being performed pursuant to this Agreement or any Work Order extends past thirty (30) days, then the cancellation shall not be effective until that work is completed."

19.      Great Lakes did not provide the required thirty day written notice before it terminated the project by towing the Vessel from ISR's facility. Likewise, Great Lakes prevented the ISR's completion of the Work and Change Order Work by removing the Vessel from ISR's facility.

20.      After Great Lakes terminated the project by towing the vessel from ISR's facility, it refused to pay ISR the sums due for the worked performed and costs incurred. There remains due and owing to ISR from Great Lakes approximately $4,500,000 for the work performed on the Vessel.

**IV.**

**CAUSES OF ACTION**

**Count I**
**Breach of Contract**

21.      ISR re-alleges paragraphs 1 through 20 above as if fully set forth herein.

COMPLAINT
475.0001.Complaint

22.     ISR and Great Lakes voluntarily entered into the MSA, which concerned the performance of the Work and Change Order Work.

23.     Until Great Lakes unilaterally terminated the project in violation of the MSA, ISR substantially performed the Work and Change Order Work in accordance with the MSA.

24.     Great Lakes breached its contract with ISR by unilaterally terminating the MSA without following the contractual requirements, failing to pay ISR the sums it owed, and by preventing ISR from completing the Work and Change Order Work.

25.     Great Lakes wrongfully prevented ISR from completing the contractual work by removing the vessel from ISR's facility.

26.     Great Lakes materially breached the Master Agreement by prematurely removing the Vessel from ISR's possession, thereby preventing ISR from fully performing the Work and Change Order Work.

27.     Great Lakes also materially breached the Agreement by failing to pay ISR the full amounts due for ISR's performance of the Work, Change Order Work, and the costs incurred as a result of Great Lakes' obstructive conduct.

28.     ISR has suffered damages as a result of Great Lakes' material breaches of the Agreement, as set forth below.

29.     Any and all conditions precedent to recovery on this action have been performed, waived, or excused.

## Count II
## Breach of the Implied Covenant Not to Hinder, Prevent, Interfere with or Delay ISR's Performance

30.     ISR re-alleges paragraphs 1 through 29 above as if fully set forth herein.

31.     ISR and Great Lakes voluntarily entered into the MSA, which governed the performance of the Work and Change Order Work.

32.     During ISR's performance of the Work, as is common in most vessel repairs, there arose a need for changes to the Work.

33.     As a result, ISR submitted numerous requests for change orders to Great Lakes.

34.     The changes requested by ISR concerned decisions and/or repairs that were necessary to be made before ISR could further perform the Work, as well as any Change Order Work already approved by Great Lakes.

35.     Until ISR received a response to its requests for changes, it often could not move forward and complete its performance of the Work as well as any Change Order Work already approved by Great Lakes as the requested change orders adversely affected critical path items for the Work and Change Order Work.

36.     Great Lakes routinely failed to timely review and approve ISR's requests for changes.

37.     Each time Great Lakes failed to timely respond to ISR's requested changes, Great Lakes delayed ISR's performance of the Work as well as any Change Order Work already approved by Great Lakes and increased ISR's costs.

38.     By delaying ISR's performance, Great Lakes prevented ISR from completing the Work and Change Order Work before the Completion Deadline and added substantial costs to ISR's performance of the Work and Change Order Work.

39.     By these acts, Great Lakes breached the MSA's implied covenant not to hinder or prevent, interfere with or delay ISR's performance.

40.    As a result of Great Lakes' material breaches of this implied covenant, ISR has suffered damages, as set forth below.

41.    Any and all conditions precedent to recovery on this action have been performed, waived, or excused.

## Count III
## Quantum Meruit (alternatively)

42    ISR re-alleges paragraphs 1 through 41 above as if fully set forth herein.

43.    Until Great Lakes prevented it, ISR substantially performed the Work and Change Order Work, which were valuable services.

44.    The Work and Change Order Work were performed for Great Lakes.

45.    Great Lakes accepted, used, and enjoyed the benefit of the Work and Change Order Work performed by ISR.

46.    ISR's performance of the Work and Change Order Work was under circumstances that reasonably notified Great Lakes that ISR expected to be paid by Great Lakes for the Work and Change Order Work.

47.    ISR submitted invoices for the cost of performing the Work and Change Order Work.

48.    Great Lakes has failed and refused to pay ISR the full amounts due for ISR's performance of the Work and Change Order Work.

49.    As a result, ISR has suffered damages, as set forth below.

50.    Any and all conditions precedent to recovery on this action have been performed, waived, or excused.

## V.

## <u>DAMAGES</u>

51.     ISR re-alleges paragraphs 1-50 set forth above as if fully set forth herein.

52.     As a direct and proximate result of Great Lake' conduct, ISR has sustained and continues to sustain the following non-exclusive damages, for all of which Great Lakes is liable:

a.     All amounts due and owing under the MSA for the Work and the Charge Order Work in an amount not less than $4,500,000.00;

b.     Costs and expenses, including attorneys' fees, incurred by ISR in prosecuting its claims herein under the MSA and/or Tex. Civ. Prac. & Rem. Code § 38.001.

WHEREFORE, Plaintiff, International Ship Repair & Marine Services, Inc. hereby demands entry of a judgment against Defendant Great Lakes Dredge and Dock Company, LLC, for the full amount of its damages, the costs of this action, attorneys' fees, pre and post-judgment interest, and for all such other and further relief as this Court deems just and proper.

Respectfully submitted this 21st day of March, 2019.

_____
Daena G. Ramsey
State Bar No. 08093970
<u>*dramsey@vrlaw.net*</u>
2000 East Lamar Blvd. Suite 430
Arlington, Texas  76006
(972)262-0800 – telephone
(888)711-6044 – Toll Free
(972)642-0073 – facsimile
Two Allen Center
1200 Smith Street, 16th Floor
Houston, Texas  77002
(713)230-8800

COMPLAINT
475.0001.Complaint