United States District Court
Southern District of Texas
**ENTERED**
January 13, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| INTERNATIONAL SHIP REPAIR AND MARINE SERVICES, INC., § § § | |
| Plaintiff, § | |
| V. § | CIVIL ACTION NO. H-19-1049 |
| § | |
| GREAT LAKES DRUDGE AND DOCK COMPANY, LLC, § § § | |
| Defendant. § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff International Ship Repair and Marine Services, Inc.'s Motion to Exclude Defendant's Expert Sam Rosenfarb (Document No. 37), and Defendant Great Lakes Drudge and Dock Company, LLC's Motion to Strike and Exclude Opinions and Testimony of Plaintiff's Expert Patrick Hudson (Document No. 44) have been referred to the undersigned Magistrate Judge for a Memorandum and Recommendation. Having considered the motions, the response, the additional briefing, and the recommendations made relative to the parties' motions for summary judgment, that Magistrate Judge RECOMMENDS herein, for the reason set forth below, that the two expert motions (Document Nos. 37 and 44) be DENIED.

As set forth in the Memorandum and Recommendation on the parties' Motions for Summary Judgment, this case is about the repairs to be performed by Plaintiff International Ship Repair and Marine Services, Inc. ("ISR") for Defendant Great Lakes Drudge and Dock Company, LLC ("Great Lakes") on the DREDGE TEXAS. No one disputes that the repairs were not completed by the parties' agreed completion date. In addition, neither side disputes that there is a liquidated damages clause that applies.

In ISR's expert motion, ISR argues that the damages opinions of Sam Rosenfarb on lost profits, loss of use, and loss of business opportunity are not relevant because those types of damages are not available under the parties' governing agreement. As set forth in the Memorandum and Recommendation denying both sides' Motions for Summary Judgment, it was determined that such damages are not available on Great Lakes' breach of contract claim because they are specifically excluded by the parties' written agreement. However, Great Lakes also has claims for negligence and bailment, for which such damages may be recoverable. It, therefore, cannot be said at this stage that Sam Rosenfarb's damages opinions are irrelevant. ISR's Motion to Exclude Rosenfarb (Document No. 37) should, as such, be DENIED.

As for Great Lakes' expert motion, Great Lakes argues that the damages opinions of ISR's expert, Patrick Hudson, should be excluded because his expert report was not sufficiently detailed, and because his opinions are not reliable. According to Great Lakes, the opinions of Hudson as to the real cost of the repairs that ISR *did* complete are not supported by any detail or any methodology at all, much less the data calculations of the additional amounts he believes ISR is due for any of the change orders and the delay in performance occasioned by the change orders. In response to the motion, ISR maintains that Hudson properly identified the documents, information and facts he considered, and that Great Lakes can inquire, at Hudson's deposition, about the particular bases and/or facts he relied upon for each opinion and calculation.

Having considered Hudson's report and supplemental report, the Magistrate Judge concludes that it met the requirements of Fed. R. Civ. P. 26(a)(2)(B). That rule, for retained experts, requires the expert to provide a report that contains:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

While Great Lakes complains that Hudson's report does not, on an opinion-by-opinion and calculation-by-calculation basis, identify the facts or data relied upon, the report requirement in Rule 26(a)(2)(B) is not so stringent. In addition, Hudson's report and supplemental report, taken together, contain all of the items required by Rule 26(a)(2)(B).

As for Great Lakes' reliability complaints, they appear premature. At the time Great Lakes' motion was filed, Hudson had yet to be deposed. If Hudson has since been deposed, the record does not so show. Under Fed. R. Evid. 702, "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Without Great Lakes asking Hudson, at a deposition, how he made each calculation, and the data, documents and information he relied upon, it cannot be determined whether the methodology he employed for his damages calculations was reliable. Great Lakes' Motion to Strike and Exclude Patrick Hudson should be DENIED, but without prejudice to being re-urged, if warranted, following Hudson's deposition, or at trial.

Based on the foregoing, the Magistrate Judge

RECOMMENDS that Plaintiff International Ship Repair and Marine Services, Inc.'s Motion

to Exclude Defendant's Expert Sam Rosenfarb (Document No. 37) be DENIED, and Defendant Great Lakes Drudge and Dock Company, LLC's Motion to Strike and Exclude Opinions and Testimony of Plaintiff's Expert Patrick Hudson (Document No. 44) be DENIED WITHOUT PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed.R.Civ.P. 72(b), to the recommendation made herein relative to Defendant's Motion to Dismiss. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen-day period bars an aggrieved party from attacking conclusions of law on appeal. *See Douglass v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Court Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 13th day of January, 2022.

Frances H. Stacy
United States Magistrate Judge